DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before us on appeal from the Lucas County Court of Common Pleas, which denied appellant's request for an evidentiary hearing and dismissed appellant's petition for postconviction relief. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In 1995, a jury found appellant guilty of aggravated murder, kidnaping, aggravated robbery, and forgery. These charges stem from the kidnaping and murder of Christopher Hammer. The jury recommended death, and the trial court subsequently filed a judgment entry sentencing appellant to death. Appellant appealed his conviction to this court, and we affirmed the trial court's judgment. The facts of this case are more fully set out in that decision. See State v. Hoffner
(Mar. 23, 2001), Lucas App. No. L-95-181. In 1997, appellant filed his petition for postconviction relief, which the trial court subsequently dismissed, finding that the majority of the claims in appellant's petition were barred by res judicata; the court found that other claims were not supported by evidence. Appellant now appeals, setting forth the following three assignments of error:
Assignment of Error No. I
 {¶ 3} "The trial court erred in dismissing appellant's post-conviction petition where he presented sufficient operative facts to merit an evidentiary hearing and discovery."
Assignment of Error No. II
 {¶ 4} "Ohio post-conviction procedures neither afford an adequate corrective process nor comply with due process or equal protection under the Fourteenth Amendment."
Assignment of Error No. III
 {¶ 5} "The cumulative error of appellant's substantive claims merit reversal or remand for a proper postconviction process."
 {¶ 6} The standard of review for a trial court's decision denying a petition for postconviction relief has been variously stated, ranging from the abuse of discretion standard, see State v. Lemaster (Sept. 28, 1999), Pickaway App. No. 98CA46, appeal dismissed (2000),87 Ohio St.3d 1490, to the de novo standard, see State v. Miller (Jan. 28, 2002), Ross App. No. 01CA2614. However, we agree with the Columbiana Court of Appeals, which recognized that decisions denying such petitions involve mixed questions of law and fact. See State v. Reynolds (Jan. 8, 2002), Columbiana App. No. 99-CO-48. We therefore review the trial court's decision on factual issues using a manifest weight standard of review, and we review de novo the trial court's decision on legal issues. Id.
 {¶ 7} R.C. 2953.21(A)(1) provides for postconviction relief. That section states:
 {¶ 8} "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence" that supports the claim.
 {¶ 9} However, claims that were raised or could have been raised on direct appeal do not entitle a petitioner to postconviction relief because those claims are barred by the doctrine of res judicata. Statev. Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus; State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus. Where a petitioner, represented by new counsel on appeal, alleges ineffective assistance of trial counsel, that petitioner is not entitled to postconviction relief unless he presents evidence dehors the record to show that trial counsel was ineffective. In other words, the petitioner must present evidence outside the record that could not have been raised on direct appeal of his conviction. In this regard, the Supreme Court of Ohio has stated:
 {¶ 10} "Where a defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief. * * *." State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
 {¶ 11} Under the proper circumstances, a petitioner will be allowed an evidentiary hearing on the petition. According to R.C.2953.21(C), a petitioner is entitled to a hearing when, upon review of the petition and the record, the trial court finds that there are "substantive grounds for relief."
 {¶ 12} A petitioner alleging ineffective assistance of counsel will be entitled to a hearing only upon a showing of sufficient operative facts demonstrating: (1) that counsel was ineffective; and (2) that the petitioner was prejudiced by such ineffectiveness. State v. Jackson
(1980), 64 Ohio St.2d 107, syllabus.
 {¶ 13} The Supreme Court of Ohio has defined ineffective assistance as follows:
 {¶ 14} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable
 {¶ 15} representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, at paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011, citing State v. Lytle (1976), 48 Ohio St.2d 391; Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 16} The court must defer to the strong presumption that counsel's performance falls within the wide range of reasonable professional performance. Bradley, 42 Ohio St.3d at 142. Even if counsel's performance falls outside the objective standard of reasonable representation, the court shall not reverse unless counsel's ineffectiveness resulted in prejudice. Id. In order to show prejudice warranting reversal, the defendant must show that there is a reasonable probability that, but for counsel's ineffectiveness, the outcome of the proceeding would have been different. Id., quoting Strickland,466 U.S. at 694.
 {¶ 17} In his first assignment of error, appellant contends: (1) that his trial counsel was ineffective in both the "trial" or "guilt" phase and in the penalty phase; (2) that appellant was denied his due process right to a "reliable capital sentencing proceeding"; and (3) that he was denied his due process right to a fair and impartial jury.
1. Ineffective Assistance of Counsel
 {¶ 18} Appellant contends that his trial counsel was ineffective in both phases of his capital trial. Appellant claims that counsel was ineffective in the trial phase in the following ways: (1) in not visiting him in the year before trial; (2) in conducting an inadequate investigation; (3) in not exploring whether "Miranda" issues were extant in appellant's interviews with the police;[1] (4) in making a short opening statement; (5) in causing appellant not to be present for the jury view or for deliberations; (6) in not pursuing the theory that appellant was an aider or abettor instead of the principal offender; (7) in making a plea offer without appellant's approval; and (8) in allowing appellant's prison records into the jury room during deliberations. Appellant contends that counsel was ineffective in the penalty phase in the following ways: (9) in saying in closing argument that counsel did not have sympathy for appellant and that counsel was "confus[ed]" and "repuls[ed]" by the crime; (10) in counseling appellant not to show emotion during the trial; and (11) in allowing the court, in response to the jurors' question, to define the term "preponderance" without also clarifying the correct burden of proof.
 {¶ 19} First, appellant contends in claims (1), (2), (7), and (10) that counsel was ineffective in failing to visit him in jail, in failing to conduct an adequate investigation, in making a plea offer without appellant's approval, and in counseling appellant not to show emotion during the penalty phase. Appellant supports these claims with his own affidavit and with the affidavit of an expert — Randall Porter, an attorney from the Ohio State Public Defender's Office specializing in death penalty cases. In addition to these two affidavits, appellant relies on the affidavit of a juror to support his contention that his counseled lack of emotion and the presence of the prison records in the jury room were prejudicial to him.
 {¶ 20} The weight to be afforded affidavits in postconviction
 {¶ 21} proceedings has been the subject of much discussion in Ohio law. The Supreme Court of Ohio recently held that a trial court need not accept as true all averments in affidavits filed in postconviction proceedings. State v. Calhoun (1999), 86 Ohio St.3d 279, 284. The Supreme Court stated:
 {¶ 22} "[We] hold that in reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." Id. The court also explained that, under appropriate circumstances, a trial court may deem affidavit testimony not to be credible "without first observing or examining the affiant." Id. The court then set out some factors for courts to consider in determining whether affidavits are credible. Among those are:
 {¶ 23} "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the
 {¶ 24} success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial." Id.
at 285.
 {¶ 25} In an earlier case, the Supreme Court of Ohio expressly stated its approval of the state's position that self-serving affidavits contradicting the record do not demonstrate sufficient operative facts to warrant an evidentiary hearing, at least in the context of a postconviction petition alleging a coerced guilty plea. State v. Kapper
(1983), 5 Ohio St.3d 36, 38-39, certiorari denied (1983), 464 U.S. 856. Following Kapper, several courts of appeal have held that self-serving affidavits do not present sufficient operative facts to warrant an evidentiary hearing where ineffective assistance of counsel is alleged. See, e.g., State v. Opfer (May 16, 1997), Erie App. No. E-96-035; Statev. Jackson (Feb. 14, 1992), Lucas App. No. L-91-087; State v. Rolle
(Nov. 30, 2001), Montgomery App. No. 18651.
 {¶ 26} As indicated, appellant relied primarily on his own and Porter's affidavits to support his claims that counsel was ineffective in not visiting him in the year prior to trial, in failing to investigate adequately, in making an unauthorized plea agreement, and in counseling him not to show emotion during the trial. A review of these affidavits shows that appellant's own affidavit is self-serving and that the expert's affidavit is based, not on the expert's own investigation, but on appellant's self-serving affidavit. Given that appellant's affidavit was self-serving and that the expert's affidavit was based on the self-serving affidavit, we cannot say that the trial court abused its discretion in discounting their credibility or in finding that, even taken as a whole, they did not present sufficient operative facts to show counsel's ineffectiveness and the required prejudice. See Calhoun,86 Ohio St.3d at 284.
 {¶ 27} Appellant also relies on the affidavit of a juror to support his claims that his counseled lack of emotion had a prejudicial effect on him. Generally, jurors are not competent to testify about their deliberations or their mental processes during deliberations without first establishing this evidence from an outside (nonjury) source. Evid.R. 606(B), Ohio's aliunde rule, provides:
 {¶ 28} "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's
 {¶ 29} attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes."
 {¶ 30} Courts have held that this rule applies to juror testimony in postconviction proceedings where the defendant alleges ineffective assistance of counsel. See State v. Hessler, 10th Dist. No. 01AP-1011, 2002-Ohio-3321 at ¶¶ 40-41; State v. Fears (Nov. 12, 1999), Hamilton App. No. C-990050, appeal dismissed (2000), 88 Ohio St.3d 1444. Given that the purpose of the rule is to "maintain the sanctity of the jury room," "ensure the finality of jury verdicts," and "protect jurors from being harassed by defeated parties," see State v. Hessler (2000),90 Ohio St.3d 108, 123, certiorari denied (2000), 532 U.S. 998, we, too, hold that a juror affidavit should not be allowed for the purposes for which it is offered in this case. For this reason, we find the juror was not competent to testify as to her mental processes during the trial.[2]
We therefore find that the trial court did not err in denying a hearing and dismissing the petition as to appellant's first, second, seventh, and tenth claims of ineffective assistance of counsel.
 {¶ 31} We also find that the remainder of appellant's claims of ineffective assistance of counsel are barred by the doctrine of res judicata because they either were or could have been raised on appeal and argued based on the record evidence. See Cole, 2 Ohio St.3d 112, syllabus. We therefore find that the trial court did not err in dismissing appellant's petition as to his third, fourth, fifth, sixth, eighth, ninth, and eleventh claims of ineffective assistance of counsel.
2. Due Process Claims
 {¶ 32} Appellant also contends in his first assignment of error that he was denied his due process right to a "reliable capital sentencing proceeding" because: (1) jurors had appellant's prison records before them during deliberations; and (2) some of the jurors, according to the one juror's affidavit, "may have been confused about the standard of proof" during the mitigation phase. As to appellant's first point, he contends that the prison records state that appellant had some "behavior problems" while incarcerated. Appellant contends that, since future dangerousness is not a statutory factor to consider, the jury should not have had those records before them. Appellant also contends that this is especially a postconviction issue because it is not clear from the record whether these records were admitted or not. As for his second point, appellant contends that the jurors sent out a question about the definition of the term "preponderance," and counsel allowed the question to be answered without the additional instruction that the correct burden of proof was proof beyond a reasonable doubt.
 {¶ 33} We find both arguments to be without merit. First, as discussed previously, to the extent that appellant relies on the juror's affidavit to support these contentions, she is not competent to testify about the jury deliberations or the jurors' mental processes. Second, the prison records were, and always have been, a part of the record on appeal. They are listed in the table of contents for the mitigation handbook. Since appellant could have raised this argument on appeal, res judicata bars litigation of that argument now.[3] Similarly, the question and answer from the jury about the definition of the word "preponderance" was on the record and could have been appealed, so it, too, is barred by res judicata.
 {¶ 34} Finally, appellant claims in his first assignment of error that he was denied a fair and impartial jury because: (1) according to the juror's affidavit, another juror refused to consider any of the exhibits offered during the mitigation phase, apparently because that juror's "mind was made up" before the mitigation phase began; and (2) all but two jurors were "unpleasantly pressuring" the testifying juror to vote for the death penalty. As discussed above, a juror is incompetent to testify to these matters because of the aliunde rule. See Evid.R. 606(B). For all the reasons stated above, we find appellant's first assignment of error not well-taken.
 {¶ 35} Appellant claims in his second assignment of error that
 {¶ 36} Ohio's postconviction remedy is inadequate because, though the statute allows and case law requires that the petition be supported by affidavits or other evidence, the statute does not afford access to discovery. This contention has been considered and rejected by other courts, and for the same reasons, we, too, reject this argument. See, e.g., State v. Taylor (June 29, 2001), Greene App. Nos. 2000 CA 77, 2000 CA 103. See, also, State v. Scudder (1998), 131 Ohio App.3d 470, 478, appeal dismissed (1999), 85 Ohio St.3d 1456. Therefore, appellant's second assignment of error is found not well-taken.
 {¶ 37} Appellant contends in his third assignment of error that cumulative errors, even if not enough singly, are enough together to require an evidentiary hearing. Since we find no error in these proceedings, we find appellant's third assignment of error not well-taken.
 {¶ 38} Upon consideration whereof, we find that appellant was not prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.
[1] See Miranda v. Arizona (1966), 384 U.S. 486.
[2] We have reviewed a federal case on the Ohio aliunde rule that appellant cited as additional authority. See Doan v. Brigano (C.A.6, 2001), 237 F.3d 722. Because this case is distinguishable on its facts, we find it unpersuasive.
[3] Likewise, any claim of ineffective assistance of counsel relating to these events could have been raised on appeal and is now barred by res judicata.